# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RACHEL TRACY, individually and in her capacity as next friend of D.T., an infant, ) ) ) Plaintiffs, ) ) v. ) ) SSM CARDINAL GLENNON CHILDREN'S ) HOSPITAL, et al., ) ) Defendants. ) | No. 4:15-CV-1513 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Leave to File Third Amended Complaint, which plaintiffs assert pleads additional facts in response to defendant Dotson's motion to dismiss. The motion for leave is opposed by defendant Dotson, on the basis that Dotson (1) did not agree to grant plaintiffs additional time to respond to his motion to dismiss in order for plaintiffs to have additional time to prepare a Third Amended Complaint, but instead was informed by plaintiffs' counsel that she intended to dismiss the case; and (2) believes a ruling on his pending motion to dismiss would be in the interests of efficiency and offer guidance to the parties. Plaintiffs reply that at the time they sought an extension of time from Dotson they intended to dismiss their case without prejudice, but subsequently changed their minds. No other response has been filed to the motion for leave to amend and the time to do so has passed.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith

or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

The Court having considered these factors and the basis for defendant Dotson's objections finds that the motion for leave to amend was not filed in bad faith or with undue delay, there has been no showing of prejudice by any defendant, and no defendant has asserted that the proposed amendment would be futile. The Court also considers that a case management order has not yet been issued in this case. For these reasons, the Court will grant plaintiffs' motion for leave to file a Third Amended Complaint.

The Third Amended Complaint will supercede the Second Amended Complaint and render it without legal effect. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). As a result, pending motions pertaining to the Second Amended Complaint will be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), without prejudice to the filing of motions concerning the Third Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a Third Amended Complaint is **GRANTED**. [Doc. 53]

**IT IS FURTHER ORDERED** that pending motions to dismiss the Second Amended Complaint are **DENIED as moot**, without prejudice. [Docs. 42, 47]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the Third Amended Complaint, which was submitted as an attachment to plaintiffs' motion for leave.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of January, 2016.